IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, v. GARY MARK HILL, Defendants. | **MEMORANDUM DECISION AND ORDER** Case No. 2:18-cr-00254 District Judge Dale A. Kimball |
|---|---|

Before the court is Defendant Gary Mark Hill's Motion to Dismiss based on alleged violations of the Speedy Trial Act. This case is currently set for trial on December 10, 2018. The Defendant filed his Motion to Dismiss on November 5, 2018. In order to accommodate the United States' request to maintain the trial date, the court informed the parties that it will decide the motion without a hearing based on the briefing.

**FACTUAL BACKGROUND**

On January 5, 2018, the United States filed a Felony Information against Defendant alleging a violation of 18 U.S.C. § 922(a)(1)(A), Dealing in Firearms Without a License. The Defendant made an initial appearance before the court on March 9, 2018. The parties informed the court that they had reached a negotiated settlement; that Defendant waived indictment; and that the Defendant sought to plead guilty to the charge. Transcript of March 9, 2018 Initial Appearance before Magistrate Judge Wells at pages 4-5 and 9-10. Defendant was arraigned on the Felony Information on March 9, 2018.

On April 12, 2018, the court scheduled a Change of Plea Hearing to be heard before Judge Kimball on May 8, 2018. At the May 8, 2018 hearing, Mary Corporon, the Defendant's counsel at the time, moved to withdraw as counsel. Jay M. Philpot requested to be substituted in

1

as counsel for the Defendant. Mr. Philpot informed the court that his client did not intent to plead guilty to the Felony Information as anticipated. Mr. Philpot explained that he was trying to get up to speed as quickly as possible. Mr. Philpot requested a trial date in November of 2018 because he had pretrial motions he wanted to file and because he had a two-month federal jury trial beginning in September. The Court expressed concern about Speedy Trial problems with a November trial setting. Mr. Philpot agreed that the time between May 8, 2018 and the new trial date should be excluded for purposes of the Speedy Trial calculations based upon the "ends of justice" if the trial was pushed back to November. The court stated, "I think your suggestion is a good one." May 8, 2018 Transcript at pages 5-6.

Defendant was indicted by a Grand Jury on May 16, 2018. The Indictment charged Defendant with two counts. Count 1 alleges a violation of 26 U.S.C. § 5861(a), Unlawfully Engaging in the Business of Importing and Dealing Machineguns; Count 2 alleges a violation of 18 U.S.C. § 922(o), Illegal Possession and Transfer of Machineguns. The United States moved to dismiss the Felony Information on June 14, 2018 and the court granted the motion that same day.

Defendant appeared before Magistrate Judge Paul M. Warner on June 13, 2018. Defendant was arraigned on the Indictment. Mr. Philpot asked Magistrate Judge Warner for a trial date "at least" as early as November 2018. Mr. Philpot cited reasons related to continuity of counsel. Mr. Philpot stated, "I'm not sure if this is helpful, but we would understand and agree that the time would be waived." The Magistrate Judge declined the request for a continuance and scheduled the trail on August 20, 2018.

The United States filed proposed jury instructions, a proposed verdict form, and a proposed witness list on July 16, 2018. On July 17, 2018, counsel for the United States informed Mr. Philpot that he had yet to formally enter his appearance. On July 19, 2018, Chambers

emailed the parties asking that Mr. Philpot file a notice of appearance right away. On July 22, 2018, Mr. Philpot entered his formal appearance.

On August 17, 2018, Defendant filed a motion to continue the August 20, 2018 jury trial. That same day the United States filed a supplemental motion to exclude time for purposes of Speedy Trial computation. On August 20, 2018, the court granted the motion to continue and excluded time between July 30, 2018 and December 10, 2018.

## DISCUSSION

The Defendant argues that: (1) the Speedy Trial clock began to run on March 9, 2018, when the Defendant was arraigned; and (2) the Speedy Trial clock did not reset when the government filed a new indictment.

### (1) The Speedy Trial Time Is Excluded Between March 9, 2018, and May 8, 2018, Because of the Defendant's Intent to Plea Guilty.

The Speedy Trial computation commences at the filing of the information or indictment, or when the defendant first appears before the court, whichever is later. 18 U.S.C. § 3161(c)(1). Defendant first appeared on March 9, 2018, after the filing of a Felony Information. At his Initial Appearance, Defendant and the United States jointly moved for a Change of Plea hearing, which tolled the Speedy Trial clock. More specifically, the parties informed the court that they had reached a negotiated pre-indictment settlement; that Defendant waived indictment; and that Defendant sought to change his plea to guilty. Magistrate Judge Wells explained what the Defendant was agreeing to in waiving the indictment and the Defendant agreed on the record to waive the indictment. Magistrate Judge Wells left it to counsel to schedule a Change of Plea hearing before Judge Kimball and to execute a written waiver of indictment.

A motion for a Change of Plea hearing tolls the Speedy Trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D) and (G). "A defendant's request to change his plea clearly constitutes a pretrial

3

motion, a motion which automatically triggers an exclusion of time." *United States v. Loughrin*, 710 F.3d 1111, 1120 (10th Cir. 2013)(internal citation and quotations omitted). "A contrary conclusion… would create an incentive for defendants to file notices of disposition and later change their minds at the hearing – meanwhile, the seventy-day clock would continue to run." *Id*.

The Defendant argues that he did not request a change of plea and that he pled not guilty at his initial appearance. The record clearly shows that the Defendant assured Magistrate Judge Wells that he waived indictment and planned to schedule a Change of Plea hearing with Judge Kimball.

The court finds that the time between March 9, 2018, and the May 8, 2018 Change of Plea hearing is excluded based on the Defendant's expressed intent to change his plea to guilty. The Defendant made clear at the hearing that he intended to change his plea to guilty and that his counsel would schedule the Change of Plea with Judge Kimball's chambers. Accordingly, the time from March 9, 2018, and the May 8, 2018 Change of Plea hearing is excluded for the purposes of the Speedy Trial Act.

**(2) The Speedy Trial Clock Did Not Reset When the Government Filed a New Indictment**

Pursuant to 18 U.S.C. § 3161(h)(5), when an "information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense" the original 70-day Speedy Trial Act clock continues to run. Therefore, the Speedy Trial Act began to run again on May 8, 2018, when the Defendant reneged on changing his plea at the Change of Plea hearing.

At the May 8, 2018 hearing, Mary Corporon, the Defendant's counsel at the time, moved to withdraw as counsel. Jay M. Philpot requested to be substituted in as counsel for the

4

Defendant. Mr. Philpot informed the court that his client did not intend to plead guilty to the Felony Information as anticipated. Mr. Philpot explained that he was trying to get up to speed as quickly as possible. Mr. Philpot requested a trial date in November of 2018 because he had pretrial motions he wanted to file and because he had a two-month federal jury trial beginning in September. The United States requested at the hearing that the court not schedule a trial date for the case right now until after an indictment has been returned. The court expressed concern about Speedy Trial problems with a November trial setting but did not grant a continuance for a November trial. However, the court stated that the parties can inform the magistrate that a November trial date is fine.

Defendant appeared before Magistrate Judge Paul M. Warner on June 13, 2018. Defendant was arraigned on the Indictment. Mr. Philpot again asked for a trial date "at least" in to November 2018. Mr. Philpot cited reasons related to continuity of counsel. Mr. Philpot stated, "I'm not sure if this is helpful, but we would understand and agree that the time would be waived." Magistrate Judge Warner declined the request for a continuance and scheduled the trail on August 20, 2018.

The United States contends that at the Change of Plea hearing before Judge Kimball the court granted a continuance to move the trial to November to accommodate Mr. Philpot's trial schedule. However, the Defendant responds that the court did not grant a continuance at that hearing and that the court only mentioned general concerns about timing. In support, the Defendant argues that Judge Warner's subsequent denial of a continuance moving the trial date to November was evidence that Judge Kimball did not formally grant a continuance at the Change of Plea hearing.

To grant an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009). "In setting forth its findings, however, the court need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Toombs*, 574 F.3d at 1269 (citing *Zedner v. United States*, 547 U.S. 489, 506-08 (2006). The findings for granting a continuance must not only be explicit but must address "why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial." *United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993).

Here, the parties did not file a motion for continuance. The Defendant decided at the Change of Plea hearing to no longer plead guilty. Although the parties mentioned trial dates, there was no motion for a continuance and the court did not grant a continuance at the Change of Plea hearing. The United States asked that the court not schedule a trial date. The court did not articulate any findings for granting a continuance at that hearing and Judge Warner subsequently denied the Defendant's request to continue the trial to November. Accordingly, the Speedy Trial clock resumed running when the Defendant did not change his plea at the Change of Plea hearing.

On June 13, 2018, the Defendant made an Initial Appearance in front of Magistrate Judge Warner. Judge Warner scheduled a trial date for August 20, 2018. It appears that in calculating the Speedy Trial Act, Magistrate Judge Warner calculated from the date of the Initial Appearance on June 13, 2018. However, as stated earlier, the Speedy Trial Act began to run on May 8, 2018, when the Defendant expressed that he was not going to change his plea.

On August 17, 2018, the Defendant filed an Unopposed Motion to Continue Trial to December 10, 2018. On August 20, 2018, the court entered an order granting a continuance based on Mr. Philpot's trial schedule. In the order, the court excluded the Speedy Trial time from July 30, 2018, to December 10, 2018.

Based on the above analysis, the court concludes that the Speedy Trial clock ran from May 8, 2018, to July 30, 2018. The court finds that 84 days elapsed, and those days were not excluded for purposes of the Speedy Trial Act. "If a defendant is not brought to trial within the seventy-day deadline, dismissal of the indictment is mandatory." *United States v. Doran*, 882 F.2d 1511, 1517 (10th Cir. 1989). Accordingly, the Defendant's Motion to Dismiss will be granted after the court determines if the motion should be dismissed with or without prejudice.

The parties did not brief whether the Motion to Dismiss should be granted with or without prejudice. The Defendant requested additional briefing on this issue. A hearing will therefore be set on December 11, 2018, at 10:30 A.M. to decide whether the case should be dismissed with or without prejudice. The Defendant is ordered to brief the issue of prejudice by 12/3/2018. The United States is required to respond by 12/7/2018. The briefing shall not exceed ten pages.

## CONCLUSION

Based on the above reasoning, the court strikes the Trial Date and will decide whether to dismiss the case with or without prejudice following the additional briefing and hearing.

Dated this 27th day of November 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge