# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> GARY MARK HILL, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:18-cr-00254 <br><br> District Judge Dale A. Kimball |

Defendant Gary Mark Hill filed a Motion to Dismiss based on violations of the Speedy Trial Act. The court granted the Defendant's motion and allowed the parties to submit additional briefing on whether the court should dismiss the indictment with or without prejudice. On December 11, 2018, the court held a hearing on the issue of prejudice. Based on the briefing and the arguments at the hearing, the court issues this memorandum decision and order dismissing the indictment without prejudice.

## FACTUAL BACKGROUND

On January 5, 2018, the United States filed a Felony Information against Defendant alleging a violation of 18 U.S.C. § 922(a)(1)(A), Dealing in Firearms Without a License. The Defendant made an initial appearance before the court on March 9, 2018. The parties informed the court that they had reached a negotiated settlement; that Defendant waived indictment; and that the Defendant sought to plead guilty to the charge. Transcript of March 9, 2018 Initial Appearance before Magistrate Judge Wells at pages 4-5 and 9-10. Defendant was arraigned on the Felony Information on March 9, 2018.

On April 12, 2018, the court scheduled a Change of Plea Hearing to be heard before Judge Kimball on May 8, 2018. At the May 8, 2018 hearing, Mary Corporon, the Defendant's

counsel at the time, moved to withdraw as counsel. Jay M. Philpot requested to be substituted in as counsel for the Defendant. Mr. Philpot informed the court that his client did not intent to plead guilty to the Felony Information as anticipated. Mr. Philpot explained that he was trying to get up to speed as quickly as possible. Mr. Philpot requested a trial date in November of 2018 because he had pretrial motions he wanted to file and because he had a two-month federal jury trial beginning in September. The Court expressed concern about Speedy Trial problems with a November trial setting. Mr. Philpot agreed that the time between May 8, 2018 and the new trial date should be excluded for purposes of the Speedy Trial calculations based upon the "ends of justice" if the trial was pushed back to November. The court stated, "I think your suggestion is a good one." May 8, 2018 Transcript at pages 5-6.

Defendant was indicted by a Grand Jury on May 16, 2018. The Indictment charged Defendant with two counts. Count 1 alleges a violation of 26 U.S.C. § 5861(a), Unlawfully Engaging in the Business of Importing and Dealing Machineguns; Count 2 alleges a violation of 18 U.S.C. § 922(o), Illegal Possession and Transfer of Machineguns. The United States moved to dismiss the Felony Information on June 14, 2018 and the court granted the motion that same day. Defendant appeared before Magistrate Judge Paul M. Warner on June 13, 2018. Defendant was arraigned on the Indictment. Mr. Philpot asked Magistrate Judge Warner for a trial date "at least" as early as November 2018. Mr. Philpot cited reasons related to continuity of counsel. Mr. Philpot stated, "I'm not sure if this is helpful, but we would understand and agree that the time would be waived." The Magistrate Judge declined the request for a continuance and scheduled the trail on August 20, 2018.

The United States filed proposed jury instructions, a proposed verdict form, and a proposed witness list on July 16, 2018. On July 17, 2018, counsel for the United States informed

Mr. Philpot that he had yet to formally enter his appearance. On July 19, 2018, Chambers emailed the parties asking that Mr. Philpot file a notice of appearance right away. On July 22, 2018, Mr. Philpot entered his formal appearance.

On August 17, 2018, Defendant filed a motion to continue the August 20, 2018 jury trial. That same day the United States filed a supplemental motion to exclude time for purposes of Speedy Trial computation. On August 20, 2018, the court granted the motion to continue and excluded time between July 30, 2018 and December 10, 2018.

On November 27, 2018, the court granted the Defendant's motion to dismiss based on speedy trial act violations and further ordered the parties to brief whether the indictment should be dismissed with or without prejudice.

## DISCUSSION

The district court retains broad discretion whether to dismiss the indictment with or without prejudice. *U.S. v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006). Pursuant to 18 U.S.C. § 3162(a)(1)(2), "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal, and the impact of a reprosecution on the administration of this chapter and on the administration of justice." "Prejudice to the defendant is among the other factors the text of § 3162 directs the court to consider." *U.S. v. Abdush-Shakur*, 465 F.3d at 462. "Where the delay caused by the government is unintentional and the district court takes it upon itself to share in the blame for the delay, the administration of justice is not served by dismissal with prejudice." *Id*. at 464.

The court finds that this case should be dismissed without prejudice. The Speedy Trial Act was violated for multiple reasons, including because of the conduct of the Defendant and his

counsel. The Defendant maintained that he was going to change his plea but failed to do so at the change of plea hearing. The government indicated that it would accommodate Defense Counsel's trial schedule by agreeing to continue the trial to November of 2018, however, the parties failed to file a continuance. Further, it appears that Magistrate Judge Warner mistakenly calculated the Speedy Trial Act deadlines based on the new indictment, instead of the date of the Change of Plea hearing. There was no malfeasance by the government that caused the Speedy Trial Act to run and the Defendant was not prejudiced by the actions of the United States.

Further, the Tenth Circuit has explained that if "the court determines the offense committed by the defendant is serious, this factor weighs in favor of dismissing without prejudice." *United States v. Saltzman*, 984 F.2d 1087, 1093 (10th Cir. 1993). The seriousness of Defendant's crimes weighs in favor of dismissal without prejudice. The indictment alleges two serious felony violations. Count 1 charges a violation of 26 U.S.C. § 5861(a), Unlawfully Engaging in the Business of Importing and Dealing Machineguns, which is punishable by up to ten years imprisonment and a fine of up to $250,000.3839 Count 2 charges a violation of 18 U.S.C. § 922(o), 40 Illegal Possession and Transfer of Machineguns, which is punishable by up to ten years imprisonment and a fine of up to $250,000. More specifically, Defendant is charged with purchasing machinegun conversion devices for Glock handguns and repeatedly reselling the devices to undercover ATF agents for approximately $250 each. The charges against the Defendant are serious and this factor therefore also weighs in favor of dismissing without prejudice.

Accordingly, The Defendant's Motion to Dismiss based on Speedy Trial Act violations is GRANTED without prejudice. The charges against the Defendant are serious, the facts and

circumstances that led to the dismissal involved unintentional mistakes from the Defendant, the government, and the court, and there is minimal prejudice in reprosecution.

## CONCLUSION

Based on the above reasoning, the Defendant's indictment is dismissed without prejudice.

Dated this 17th day of December 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge